# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------)
PROMOUNDS, INC.                                            )
                                                           )   Civil Action No. 17-cv-10888
                                          Plaintiff,       )   JUDGE(S):
              v.                                           )
                                                           )
 O. D. Digital LLC                                         )
                                                           )
                                          Defendant.       )
-----------------------------------------------------------)
```

## COMPLAINT

The Plaintiff, ProMounds, Inc. (hereinafter, "Plaintiff") by and for its complaint against Defendants, O. D. Digital LLC ("Defendant") hereby alleges and states:

## INTRODUCTION

1.   This is an action for Trademark Infringement pursuant to the Lanham Act §32(1), 15 U.S.C. §1114(1)(a), and the Common Law of the State of Massachusetts, and for False Designation of Origin, False Advertising, and Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125.

## PARTIES

2.   Plaintiff, ProMounds, Inc. is a Massachusetts corporation located at 88 Spark Street Brockton, Massachusetts 02302.

3.   Upon information and belief, Defendant, O. D. Digital LLC is a limited liability company located at 4083 Morrell Street, San Diego, California 92109.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts), and 15 U.S.C. §1114, §1125. This Court also has supplemental jurisdiction over the asserted claims of common law Trademark Infringement, and Unfair Competition, pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5. Venue is proper in this District pursuant to 28 USC §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this District.

## FACTUAL BACKGROUND

6. Plaintiff is the owner of all right, title, and goodwill associated with the trademark ON DECK SPORTS in connection with a variety of sports related services and goods, with a focus on baseball and softball, including, inter-alia, artificial turf, netting, and equipment for teams and sports facilities across the country, including retail/on-line store and installation services relating thereto (hereinafter, the "ON DECK SPORTS Mark").

7. Plaintiff is also the owner of US Registration No. 4,370,774, registered July 23, 2013 for the mark ON DECK SPORTS.  A copy of Plaintiff's Registration Certificate is attached as Exhibit A.

8. Since long prior to the acts of Defendant complained of herein, Plaintiff has been engaged in the business of offering and providing sports (including baseball) related services and goods under the ON DECK SPORTS Mark.

9. Plaintiff has been using its ON DECK SPORTS Mark since at least as early as 2004.

10. Defendant has subsequently adopted and is using the highly similar "ONDECK DIGITAL" mark, including in connection with services for baseball and softball.

11. Defendant's ONDECK DIGITAL mark is used in connection with highly similar services and/or goods as those offered under Plaintiff's registered ON DECK SPORTS Mark.

12. Upon information and belief, on April 3, 2017, Defendant filed a United States Trademark Application for "ONDECK DIGITAL" (Ser. No. 87396071) covering "*capture and transmission of sound, video and information from web cams, video cameras or mobile phones, all featuring live or recorded materials; streaming of data; streaming of audio and video material on the internet; communications services, namely, transmitting streamed sound and audiovisual recordings via the internet through subscription services*" in class 38 ( the '071 Application), alleging a first use of the mark of February 1, 2014.

13. Upon information and belief, Plaintiff's use of its ON DECK SPORTS Mark predates Defendant's use of the ONDECK DIGITAL mark by approximately a decade.

14. Defendant's filing of the '071 Application was without the approval or authorization of Plaintiff.

15. Defendant's use of the ONDECK DIGITAL is without the approval or authorization of Plaintiff.

16. Defendant's infringing activity is willful.

17. Plaintiff and Defendant promote, market, and/or offer their services on the Internet, including through company websites and social media websites including Facebook, YouTube and Twitter.

18. Plaintiff's and Defendant's services are marketed and promoted at baseball and/or softball related events and tournaments across the country.

## COUNT I
## TRADEMARK INFRINGEMENT
## 15 U.S.C. §1114

15. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, of this Complaint and the acts of Defendant asserted therein as if fully recited in this paragraph.

16. Without the consent or authorization of Plaintiff, Defendant has adopted and used the ONDECK DIGITAL mark which is confusingly similar to Plaintiff's ON DECK SPORTS Mark in connection with a high-definition videography service for baseball and softball, with offerings to youth, amateur, semi-pro, and professional teams, and upon information and belief other related services.

17. Defendant is using the ONDECK DIGITAL mark without Plaintiff's consent or authorization, in a way which damages the Plaintiff and is likely to cause confusion, mistake, and deception as to the source or origin of the services offered by Defendant, giving the impression that these services offered by Defendant are authorized or offered by, or affiliated with the Plaintiff, when in fact they are not.

18. On information and belief, the Defendant's ONDECK DIGITAL services are offered through the same or related trade channels as the Plaintiff's ON DECK SPORTS services.

19. Upon information and belief, Plaintiff's and Defendant's services are marketed and promoted to baseball organizations across the country.

20. Upon information and belief, Plaintiff's and Defendant's services are marketed and promoted at baseball and/or softball events, games and/or tournaments across the country.

21. Plaintiff's and Defendant's services are marketed and promoted on the Internet.

22. On information and belief, Defendant's ONDECK DIGITAL services are advertised and promoted through identical or highly related channels to those employed by the Plaintiff.

23. On information and belief, Defendant has no present intention of terminating the activities complained of but, on the contrary, is continually seeking to expand such activities.

24. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation, or association of the services of Defendant.

25. Plaintiff has placed Defendant on notice of its infringement in writing and Defendant has refused to discontinue its infringing activities.

26. Defendant is willfully infringing Plaintiff's ON DECK SPORTS Mark.

27. Defendant's adoption and use of the ONDECK DIGITAL mark infringes Plaintiff's rights in Plaintiff's ON DECK SPORTS Mark as a result of Defendant's use of the ONDECK DIGITAL mark in connection with the same or confusingly similar services and/or goods to those offered by Plaintiff under its ON DECK SPORTS Mark.

28. Such use by the Defendant is likely to cause confusion, mistake, or deception as to the Plaintiff's ON DECK SPORTS Mark and Defendant's use.

19. Upon information and belief, Plaintiff's and Defendant's services are marketed and promoted to baseball organizations across the country.

20. Upon information and belief, Plaintiff's and Defendant's services are marketed and promoted at baseball and/or softball events, games and/or tournaments across the country.

21. Plaintiff's and Defendant's services are marketed and promoted on the Internet.

22. On information and belief, Defendant's ONDECK DIGITAL services are advertised and promoted through identical or highly related channels to those employed by the Plaintiff.

23. On information and belief, Defendant has no present intention of terminating the activities complained of but, on the contrary, is continually seeking to expand such activities.

24. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation, or association of the services of Defendant.

25. Plaintiff has placed Defendant on notice of its infringement in writing and Defendant has refused to discontinue its infringing activities.

26. Defendant is willfully infringing Plaintiff's ON DECK SPORTS Mark.

27. Defendant's adoption and use of the ONDECK DIGITAL mark infringes Plaintiff's rights in Plaintiff's ON DECK SPORTS Mark as a result of Defendant's use of the ONDECK DIGITAL mark in connection with the same or confusingly similar services and/or goods to those offered by Plaintiff under its ON DECK SPORTS Mark.

28. Such use by the Defendant is likely to cause confusion, mistake, or deception as to the Plaintiff's ON DECK SPORTS Mark and Defendant's use.

29. In fact, Plaintiff is already aware of at least one instance of actual confusion wherein Plaintiff was contacted by a third party interested in obtaining information relating to "OnDeck Digital."

30. Plaintiff is damaged as a result of Defendant's activities.

31. Defendant's activities, as aforesaid, are in violation of 15 U.S.C. §1114.

## COUNT II
## COMMON LAW INFRINGEMENT

32. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

33. This count is for common law trademark infringement of Plaintiff's trademark rights in Plaintiff's ON DECK SPORTS Mark, under the laws of the State of Massachusetts.

34. The Plaintiff has used, and has acquired considerable goodwill and distinctiveness, with regard to its ON DECK SPORTS Mark. The mark has been advertised and promoted and otherwise used in commerce, since at least as early as a date preceding the Defendant's adoption and use of the ONDECK DIGITAL mark.

35. Plaintiff has extensively used its ON DECK SPORTS Mark in commerce and has acquired a considerable and valuable goodwill for its mark. Relevant segments of the public have come to associate Plaintiff's ON DECK SPORTS Mark with Plaintiff and Plaintiff's services and goods.

36. Defendant's adoption of the identical or highly similar mark contributes to the likelihood that consumers will attribute services offered under the ONDECK DIGITAL mark as emanating from the Plaintiff.

37. Defendant's use of the highly similar ONDECK DIGITAL mark, on related and confusingly similar services, as alleged above, is highly damaging to the Plaintiff and its mark.

38. Defendant's use of the mark ONDECK DIGITAL in conjunction with similar services as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization, irreparably damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the services and/or products sold and offered for sale by Defendant.

39. Defendant has been placed on notice of the Plaintiff's ON DECK SPORTS Mark, and of the damage engendered by Defendant's use of the confusingly similar ON DECK Mark.

40. Defendant's infringement is willful.

41. Defendant's actions as aforesaid, damage and threaten to further damage the value of the Plaintiff's ON DECK SPORTS Mark and the goodwill associated with its trademark.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER THE LANHAM ACT

42. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

43. This count arises under 15 U.S.C. §1125(a).

44. Defendant has used the ONDECK DIGITAL mark in a manner which is likely to cause confusion, mistake, or deception with Plaintiff's ON DECK SPORTS Mark, by virtue of its prominent use thereof in connection with highly related services.

45. Defendant's use of the ONDECK DIGITAL mark represents a False Designation of Origin, as consumers are likely to associate the mark with Plaintiff and with Plaintiff's services and goods.

46. Consumers will believe that Defendant's services in conjunction with the infringing ONDECK DIGITAL mark are associated with, sponsored, and/or endorsed by the Plaintiff, when in fact they are not.

47. Defendant's use of the ONDECK DIGITAL mark erodes the connection between Plaintiff's ON DECK SPORTS Mark as being the single source for Plaintiff's services and goods offered under such mark.  The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

48. Defendant has no connection whatsoever with the Plaintiff and Plaintiff has no control over the acts of Defendant, nor any responsibility for the acts of Defendant.

49. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products and services of Defendant.

50. Defendant's use and/or association with Plaintiff's ON DECK SPORTS Mark constitute a false designation of origin, as consumers are likely to associate Plaintiff's mark with Defendant.

51. Defendant's use of the ONDECK DIGITAL mark constitutes false advertising leading consumers to believe that Defendant's services originate from the Plaintiff when in fact they do not.

52. Defendant's acts under this Count are willful.

## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT

53. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

54. This count is for Unfair Competition in violation of 15 USC §1125(a).

55. Defendant's adoption of a significant portion of the Plaintiff's ON DECK SPORTS Mark without Plaintiff's consent is likely to cause confusion among consumers.

56. Defendant's adoption of the ONDECK DIGITAL mark unfairly capitalizes on the goodwill associated with the Plaintiff's ON DECK SPORTS Mark that Plaintiff has built throughout the years.

57. By adopting a mark that is so similar to Plaintiff's ON DECK SPORTS Mark, Defendant is unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.

58. Plaintiff is harmed by Defendant's activities.

59. Defendant's acts under this Count are willful.

60. Defendant's acts constitute unfair competition.

## COUNT V
## UNFAIR AND DECEPTIVE TRADE PRACTICES AND UNFAIR METHODS OF COMPETITION IN VIOLATION OF M.G.L. C. 93A

61. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

62. Defendant is engaged in trade or commerce for the purposes of M.G.L. c. 93A §§ 2 and 11.

63. Defendant's actions complained of herein constitute unfair and deceptive trade practices in violation of M.G.L. c. 93A §§ 2 and 11.

64. Upon information and belief, Defendant's actions have caused consumer confusion as to the source and sponsorship of Defendant's goods.

65. As a direct result of the foregoing acts, Defendant has unlawfully derived and will continue to derive income, profits, and Plaintiff's goodwill from its activities, causing Plaintiff irreparable injury.

66. Defendant's unfair and deceptive acts occurred primarily and substantially in the Commonwealth of Massachusetts, including because Defendant has acted in Massachusetts and because its wrongful conduct was primarily directed toward Plaintiff, a resident of Massachusetts. The substantial harm its actions have caused to Plaintiff occurred in Massachusetts.

67. Defendant's continuing actions have also allowed it to unfairly profit from consumers in Massachusetts.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. THAT pursuant to 15 USC §1116 and the equity jurisdiction of this court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display, or advertising of its services or goods under the trademark ONDECK, ON DECK, or any other trademark in combination with other words or symbols, or any other marks or symbols that are confusingly or deceptively similar to, or colorably imitative of Plaintiff's ON DECK SPORTS Mark.

2. THAT Defendant be directed to file an Express Abandonment with Prejudice of its United States Trademark Application for "ONDECK DIGITAL" (Ser. No. 87396071) with the United States Patent and Trademark Office, or if the mark has registered, pursuant to 15 U.S. § 1119, that the mark be cancelled.

3. THAT pursuant to 15 USC §1117, Defendant be directed to pay over to Plaintiff, any and all damages which they have sustained by consequence of Defendant's statutory and Common Law Trademark Infringement, False Designation of Origin, False Advertising, and Unfair Competition as enumerated herein.

4. THAT the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial.

5. THAT Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all: molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages, containers, name plates, and any other printed or electronic matter of any nature, and any products in their possession bearing or using the trademark ONDECK, ON DECK or any other

trademark either alone or in combination with other words or symbols, or any colorable imitation of Plaintiff's ON DECK SPORTS Mark, for the purposes of destruction thereof.

6.   THAT the conduct of Defendant complained of herein be declared willful and as a result the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117.

7.   THAT pursuant to 15 U.S.C. §1117, Defendant be required to pay to Plaintiff the costs of this action, including its attorneys' fees and disbursements incurred.

8.   THAT Defendant be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the permanent injunction.

9.   THAT the Defendant be required to account to and pay Plaintiff for all profits and expenses realized by Defendant.

10.   THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

                Respectfully Submitted,

By:   _s/ Jess M. Collen_____
Jess M. Collen (Bar No. 545314)
Jeffrey A. Lindenbaum (*pro hac vice pending*)
Michelle C. Morris (*pro hac vice pending*)
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel.  (914) 941-5668
Fax. (914) 941-6091
jcollen@collenip.com
jlindenbaum@collenip.com
mmorris@collenip.com
*Attorneys for Plaintiff*

May 17, 2017